UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 06-228-JBC**

**CANDICE HAMILTON,**                                                          **PLAINTIFF,**

**V.**             **MEMORANDUM OPINION AND ORDER**

**MICHAEL ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                          **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits and Supplemental Security Income. On cross-motions for summary judgment (DE 8, DE 9), the court referred this action to United States Magistrate Judge James B. Todd. Magistrate Judge Todd issued Proposed Findings of Fact and Recommendation (DE 11) on March 15, 2007, in which he recommended that the Commissioner's administrative decision be affirmed. On March 29, 2007, the plaintiff filed the following exception to the Magistrate's report:

> In response to the Magistrate's Recommendation that this court affirm the Defendant's denial of disability benefits, the Plaintiff respectfully reasserts and reaffirms the arguments set forth in her Motion/Memorandum for Summary Judgment. For the reasons set forth therein, the Defendant's denial of benefits is not supported by substantial evidence and the district court should grant the Plaintiff's Motion for Summary Judgment . . . .

DE 12.

The exception filed by the plaintiff satisfies neither the letter nor the spirit of the Federal Magistrate's Act.  The Federal Magistrate's Act provides that "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge . . . shall make a de novo determination of *those portions of the report or specified proposed findings or recommendations to which objection is made*."  28 U.S.C. § 636(b)(1) (emphasis added).  The plaintiff's exception does not identify any portion or finding in the Magistrate Judge's Report that she believes to be erroneous; it is apparently an objection to the entirety of the Magistrate Judge's conclusions.  The Sixth Circuit has previously found such "general objections" to be unavailing:

> A general objection to the entirety of the magistrate's report has the same effect as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("[A]n objection stating only 'I object' preserves no issue for review.").  Since the court finds that the plaintiff's exception to the Magistrate Judge's Report does not meet the requirements of the Federal Magistrate's Act, it will review the Report as if no objection had been filed thereto.

When parties to an action do not object to the Magistrate Judge's report, the

district court judge may give deference to the Magistrate Judge's recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985). After reviewing the record, the court concurs with the result recommended by the Magistrate Judge. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 11) is **AFFIRMED** and is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 8) is **DENIED**.

Signed on May 2, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3